988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., a Delaware
corporation, Plaintiff-Appellee,
v.
FIRST INTERSTATE BANK OF CALIFORNIA, a California
corporation, Defendant-Appellant.
 No. 91-55980.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1993.
Decided Feb. 12, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV 87-2988 -DT(Gx); Dickran M. Tevrizian, District Judge, Presiding.
 C.D.Cal. [APPEAL AFTER REMAND FROM 900 F.2D 263].
 AFFIRMED.
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is an action for recovery of $52,957.17 plus interest by reason of Merrill Lynch, Pierce, Fenner & Smith, Inc.'s ("Merrill-Lynch") purchase of Southern California Public Power Authority bearer bonds which had been stolen from the Bradford Trust Company's vault in New York. The district court found that Merrill Lynch had been a bona fide purchaser for value and was entitled to damages in the amount $52,957.17 plus interest from February 12, 1985. The issues on appeal are the proper standard of review and whether Merrill Lynch was a bona fide purchaser for value ("BFP").
 
 I. The Standard of Review
 
 3
 First Interstate asserts that the proper standard of review is de novo. As an alternative position, First Interstate claims that the findings of fact are clearly erroneous.
 
 
 4
 After a bench trial, the district court made findings of fact and conclusions of law as Federal Rule of Civil Procedure 52 requires. Rule 52 also requires this court to review for clear error only: "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous."
 
 
 5
 First Interstate argues that a mixed finding of fact and law is not binding on an appellate court and therefore can be reviewed de novo. First Interstate is correct that the court's conclusion that Merrill Lynch was a bona fide purchaser is a mixed question of law and fact. See Pullman-Standard, Div. of Pullman, Inc. v. Swint, 456 U.S. 273, 289 n. 19 (1982), United States v. McConney, 728 F.2d 1195, 1200 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). If the application of the law to the facts requires an inquiry that is essentially factual, however, review is for clear error. McConney, 728 F.2d at 1203.
 
 
 6
 The district court's determination that Merrill Lynch was a bona fide purchaser was an inquiry that was essentially factual. Hollywood Nat'l Bank v. International Business Machs. Corp., 38 Cal.App.3d 607, 614, 113 Cal.Rptr. 494, 498 (Cal.Ct.App.1974). We therefore review for clear error.
 
 
 7
 II. Whether the District Court's Findings and Conclusion Were Sufficient in Light of This Court's Reversal and Remand
 
 
 8
 First Interstate argues that the district court's findings "are patently remiss in addressing the omissions of the [court] to consider several of the key issues raised by This Court in its Memorandum." First Interstate argues that Merrill Lynch never met its burden to show it was a bona fide purchaser because it had called the Securities Information Center pursuant to Rule 17f-1 of the Securities Exchange Commission's Lost and Stolen Securities Program, 15 U.S.C. § 78(F)(1)-(5).
 
 
 9
 This argument has no merit. On trial, Merrill Lynch did not rely solely on the fact that it called the Securities Information Center to determine if the bonds were stolen. Instead, Merrill Lynch introduced evidence surrounding the transaction in the form of witnesses and expert testimony.
 
 
 10
 First Interstate argues that the trial court's findings "failed to even address whether the putative Mrs. Hellinger's ownership of the Bonds were [sic] not an adverse claim to the securities." However, Merrill Lynch's expert testified that an inquiry of a Mrs. Hellinger would have been pointless because a false Mrs. Hellinger could easily have been created. Moreover, the record shows that Hellinger testified he told Merrill Lynch he could obtain certain coupons missing from the bonds from his wife. Excerpt of Record at 106. He later returned with the coupons. In the face of "Mrs. Hellinger's" apparent compliance in providing valuable coupons despite alleged divorce proceedings, it would be reasonable to believe Hellinger's story that he owned the bonds. The district court correctly found that "It was reasonable for Merrill Lynch not to contact the alleged Mrs. Hellinger to verify [that he had acquired the bonds as part of a dissolution proceeding and that neither he nor his wife had retained proof of purchase.]" The court's determination was not clear error because there was a basis for it in the record.
 
 
 11
 III. Whether the District Court Erred in Its Assessment of the Evidence at Trial
 
 
 12
 First Interstate does not elucidate where the district court clearly erred in any of its other findings. Instead, much of its opening and reply briefs are devoted to an effort to reargue the facts to convince us that First Interstate should have prevailed. That is not an appellate function.
 
 
 13
 We have held, with respect to "clearly erroneous" review pursuant to Federal Rule of Civil Procedure 52(a):
 
 
 14
 An appellant's mere challenge of a finding does not cast the onus of justifying it on this court. The party seeking to overthrow findings has the burden of pointing out specifically wherein the findings are clearly erroneous. Appellant has not carried the burden as to any particular challenged finding sufficiently to require or justify a detailed analysis of the evidence....
 
 
 15
 Glen Falls Indem. Co. v. United States, 229 F.2d 370, 373 (9th Cir.1955). First Interstate has not carried its burden to show specifically where the district court clearly erred. Nothing more is required of us than to compare the district court's findings to the record to see if they are clearly erroneous. See id. We conclude they are not.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3